# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| STEVEN E. HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF DEFENSE, )<br>WINN ARMY COMMUNITY )<br>HOSPITAL CHIEF BEHAVIORAL )<br>DIVISON, and SPECIAL AGENT )<br>MASAWI, )<br>)<br>Defendants. ) | Case No. CV414-066 |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Steven Hill, who is detained at Fort Leavenworth, has filed a complaint against defendants citing no statutory or legal authority. (Doc. 1.) He claims that he is due $100,000,000, future civilian psychiatric care, medication, and other damages based on the unlawful disclosure of certain medical records during what appears to be court-martial proceedings. (*Id.* at 2.) Specifically, the "Chief Behavioral Health Division located at WINN Army Community Hospital" handed over his mental health records to Criminal Investigation Command

Special Agent Masawai "without a warrant, subpoena, or any other legal right to them." (*Id.*) Those records were later used against him. (*Id.*)

Hill is proceeding *in forma pauperis* ("IFP"). (Doc. 3.) Consequently, the Court must now screen his complaint to determine whether he has stated a cognizable claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief, is frivolous or malicious, or seeks monetary relief from a defendant immune from such relief); *see also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

Plaintiff does not cite to any legal authority showing any federal claim which would give this court jurisdiction to consider his civil action. Although *pro se* litigants are entitled to have their pleadings construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is well settled that "the courts may not serve as de facto counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Secretary, Fla.*

*Dep't of Corrs. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010). Since Hill's complaint is deficient under Fed. R. Civ. P. 8's very permissive pleading standards, this action is subject to dismissal under both Fed. R. Civ. P. 12(b)(6) for failing to state a claim for relief and Fed. R. Civ. P. 12(h)(3) for failing to demonstrate subject-matter jurisdiction.

This case should be **DISMISSED**. Finally, plaintiff must pay his filing fee. His furnished account information shows that he has had no funds in his prison account during the past six months. (Doc. 5.) He therefore owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) therefore shall remit to the Clerk of Court (payable to the "Clerk of Court") 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $400.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule

72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 27th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA